**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2010



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BONAR ROMULUS PANGGABEAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70933

Agency No. A078-020-333

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Bonar Romulus Panggabean, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009); *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).  We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Panggabean's asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam).  Therefore, we deny the petition with respect to Panggabean's asylum claim.

Substantial evidence supports the IJ's finding that Panggabean was not credible because he testified inconsistently regarding the attacks he allegedly suffered due to his involvement in the Christian youth ministry in college, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (finding that petitioner's "testimony about the events leading up to his departure" "'went to heart of [his] asylum claim'" and "'related to the basis for his alleged fear of persecution'"), and he failed to specify the injuries he suffered after such attacks, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (holding level of specificity proper consideration in adverse credibility determination).  Moreover, because Panggabean's testimony lacked credibility, his failure to present easily available corroborating evidence was fatal to his application.  *See Sidhu v. INS*, 220 F.3d

2

1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). Therefore, we deny the petition with respect to his withholding of removal claim.

Finally, because Panggabean's CAT claim was based on the same statements the agency found not credible and he does not point to any evidence to show it is more likely than not that he would be tortured if returned to Indonesia, we deny the petition with respect to his CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**